# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN PHILLIPS,<br><br>            Plaintiff,<br>vs.<br><br>WELLS FARGO BANK, N.A., as trustee for the registered holders of structured asset securities corporation mortgage pass-through certificates, series 2007-OSI; OCWEN LOAN SERVICING LLC,<br><br>            Defendants. | CASE NO. 09-CV-1486-H (BLM)<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE** |

Plaintiff filed his First Amended Complaint ("FAC") in this action on September 17, 2009. (Doc. No. 21.) On October 1, 2009, Defendants filed a motion to dismiss Plaintiff's Amended Complaint for failure to state a claim. (Doc. No. 23.) Under Local Civil Rule 7.1(e)(2), Plaintiff's opposition to the motion to dismiss was due on October 26, 2009. Plaintiff failed to file a timely opposition, or to ask for an extension of time to oppose the motion. Instead, on November 2, 2009, Plaintiff filed an *ex parte* motion for leave to file his response in opposition late. (Doc. No. 26.) On the same day, Plaintiff filed his response in opposition to defendants' motion to dismiss. (Doc. No. 27.) Defendants filed their reply in support of motion to dismiss on November 4, 2009. (Doc. No. 28.) The Court granted Plaintiff's *ex parte* motion for leave to file his opposition. (Doc. No. 31.) For the reasons

below, the Court GRANTS Defendants' motion to dismiss the FAC.

## **Background**

### I. Plaintiff's Factual Allegations

Plaintiff alleges that he is the owner of property located at 7672 Mocking Bird Drive, San Diego, CA ("the Property"). (FAC ¶ 12.) On or about March 2, 2007, Plaintiff entered into a consumer mortgage refinance transaction with BNC Mortgage, Inc. ("BNC"), obtaining a loan in the amount of $408,000 ("the Loan"). (FAC ¶ 18.) Plaintiff alleges that "a deed of trust for the Loan" named T.D. Service Company as Trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary, and was notarized on February 27, 2007, and recorded on April 2, 2007. (FAC ¶ 20.) Plaintiff alleges that at closing, BNC Mortgage, Inc. failed to provide Plaintiff with "all material disclosures required by the Truth in Lending Act ... including ... the correct identity of the creditor and two copies of Notice of Right to cancel." (FAC ¶ 22.) Plaintiff alleges that "the current holder, or a previous holder, has discharged the promissory Note by materially and fraudulently altering it, an/or canceling and/or renouncing it. (FAC ¶ 25.)

Plaintiff alleges that he elected to exercise his three-day right to cancel the Loan by mailing a notice of cancellation to BNC on March 6, 2007. (FAC ¶ 27.) BNC allegedly informed Plaintiff that his cancellation was late because it was not given within three days, and therefore ineffective. (Id.) Plaintiff alleges that he continued to pay off the Loan. (Id.) Plaintiff alleges that, on January 25, 2008, and on April 15, 2008, Defendant Ocwen Loan Servicing ("Ocwen") offered loan modification agreements, which Plaintiff accepted and complied with. (FAC ¶¶ 28-30.) Plaintiff alleges that Defendant Ocwen repudiated the April 15, 2008 agreement "without cause," and insisted upon the January 25, 2008 agreement. (FAC ¶ 31.) Plaintiff alleges that despite Plaintiff's compliance with the April 15, 2008 agreement, Ocwen "declared a default and initiated foreclosure." (Id.)

Plaintiff alleges that there was never a recorded assignment of deed of trust from MERS to Wells Fargo, or, in the alternative, that the assignment was signed by an unauthorized party. (FAC ¶¶ 32-33.) Plaintiff alleges that the recorded assignment of deed of trust was recorded

- 2 -

09cv1486

1  on August 8, 2009, after the sale. (FAC ¶ 34-7.)

2  Plaintiff alleges that on October 19, 2007, Alliance Title Company, Default Service Center, filed a notice of default and election to sell the Property under the deed of trust alleging that Plaintiff was in default for more than $16,000. (FAC ¶ 39.) Plaintiff alleges that the notice was signed by an authorized signatory of "Alliance Title Company, a California Corporation as agent for the beneficiary by: Title Court Services, Inc., agent." (FAC ¶ 40.) Plaintiff alleges that Alliance Title Company, Default Service Center, was not the "trustee, mortgagee, or beneficiary, or any of their authorized agents" as required by section 2924(1) of California Civil Code. (FAC ¶ 42-1.) Plaintiff alleges that the notice of default was false, because Plaintiff kept the agreement according to the modification. (FAC ¶ 42.) Plaintiff also alleges that service of the Note was defective. (Id. ¶ 43.)

Plaintiff alleges that on March 17, 2008, Fidelity National Title recorded a notice of trustee's sale for the Loan, scheduling a sale for April 1, 2008. (FAC ¶ 45.) Plaintiff alleges that the notice was signed by an "'authorized signer' for "Financial Title Company, a California Corporation as Trustee.'" (FAC ¶ 46.) Plaintiff further alleges that Financial Title Company was not the "trustee, mortgagee, or beneficiary, or any of their authorized agents" as required by section 2924(3) of California Civil Code. (FAC ¶ 48-3.) Plaintiff also alleges that service of the Notice was defective. (FAC ¶ 48.)

Plaintiff states that the foreclosure sale was held, and the Property was purchased by "Defendant." (FAC ¶ 49.) Plaintiff alleges that Wells Fargo and Ocwen "violated the notice requirements of California Civil Code section 2924a, subsection (b), by making false statements." (FAC ¶ 50.) Plaintiff alleges that the substitution of trustee's mailing affidavit, indicating that notice requirements had been fulfilled, is false. (FAC ¶ 51-2.) Plaintiff also alleges that Wells Fargo "is not and was not the holder of the Note, nor is it or was it in possession of the Note properly endorsed to it, nor was it or is it otherwise entitled by law to initiate foreclosure under the Deed of Trust." (FAC ¶ 51.)

Plaintiff alleges that on October 3, 2008, Defendant filed an unlawful detainer complaint against Plaintiff in California state court. (FAC ¶ 63.) Plaintiff alleges that he

1  moved to vacate the unlawful detainer action for lack of subject matter jurisdiction, and that
2  his motion is pending. (FAC ¶ 64.)

**II. Procedural History**

On July 9, 2009, Plaintiff filed a complaint in this court against Wells Fargo and Ocwen. (Doc. No. 1.) Plaintiff brought a cause of action to quiet title and for violations of TILA against Wells Fargo. Plaintiff also brought a cause of action for wrongful foreclosure against both Wells Fargo and Ocwen. Defendants moved to dismiss the complaint for failure to state a claim. (Doc. No. 12.) On August 31, 2009, the Court granted Defendants' motion and gave Plaintiff leave to file an amended complaint. (Doc. No. 16.) Plaintiff filed his FAC on September 17, 2009. (Doc. No. 21.) Defendants move to dismiss the FAC for failure to state a claim. (Doc. No. 23.)

**III. Request for Judicial Notice**

Defendants' motion to dismiss is accompanied by a request for judicial notice, in which Defendants ask the Court to take judicial notice of several documents. (Doc. No. 23, Attach 7, Ex. 1-8.) In general, the scope of review on a motion to dismiss for failure to state a claim is limited to "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). The Court may consider additional documents under the "incorporation by reference" doctrine as long as "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

Defendants submit for judicial notice the Deed of Trust recorded in the San Diego County Recorder's Office on April 2, 2007. The Deed is a public record, and is referenced in the FAC. (See FAC ¶20.) Defendants also submit for judicial notice a copy of the Notice of Default and Election to Sell, recorded on October 19, 2007 in the San Diego County Recorder's Office. The Notice of default is also a public record, and is referenced in the FAC. (See FAC ¶ 39.) Defendants submit a copy of the Assignment recorded in the San Diego

1  County Recorder's Office on August 8, 2008. The Assignment is a public record and is
2  referenced in the FAC. (See FAC ¶ 34-7.) Defendants submit a copy of the Substitution of
3  Trustee, recorded on March 17, 2008 in the San Diego County Recorder's Office. It is a public
4  record and is referenced in the FAC. (See FAC ¶ 51-2.) Defendants also submit a copy of the
5  Notice of Trustee Sale recorded on March 17, 2008 in the San Diego County Recorder's
6  Office. It is a public record and is referenced in the FAC. (See FAC ¶ 45.) Defendants submit
7  for judicial notice a copy of the Trustee's Deed Upon Sale which was recorded on August 8,
8  2008 in the San Diego County Recorder's Office. It is a public record and is referenced in the
9  FAC. (See FAC ¶ 59.) Defendants also seek judicial notice of a copy of the court docket, and
10 a copy of the Stipulation for Entry of Judgment for the Unlawful Detainer action against
11 Plaintiff in San Diego Superior Court initiated by Defendants. Plaintiff's FAC references the
12 unlawful detainer action, as well as Plaintiff's motion that is allegedly pending in that action.
13 (FAC ¶¶ 63-64.) Finally, Defendants seek judicial notice of a copy of the California Secretary
14 of State's office records regarding the status of Ocwen Loan Servicing LLC as an active and
15 registered foreign entity. The Court grants Defendants' request to the extent the offered
16 documents are properly subject to judicial notice.

## Discussion

**I. Motion to Dismiss - Legal Standard**

19  A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests
20 the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729,
21 732 (9th Cir. 2001). A complaint generally must satisfy only the minimal notice pleading
22 requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule
23 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that
24 a pleading stating a claim for relief contain "a short and plain statement of the claim showing
25 that the pleader is entitled to relief." The function of this pleading requirement is to "'give the
26 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell
27 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,
28 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting id. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see also Twombly, 550 U.S. at 555.

**II. Plaintiff's General Allegations**

The FAC makes conclusory allegations of fact that do not raise a right to relief above the speculative level. First, Plaintiff alleges that there was never a recorded assignment of Deed of Trust from MERS to Wells Fargo. (FAC ¶ 32.) The Court previously took notice of the recorded assignment of Deed of Trust from MERS to Wells Fargo dated February 5, 2008. (Doc. No. 6, Def's RJN Ex. 3.) Plaintiff argues that, in the alternative, the assignment was signed by an unauthorized party, because "Scott Anderson was not and is not a Vice President of MERS." (FAC ¶ 33.) Plaintiff does not support this allegation with facts, but instead states that this allegation is "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." (FAC at 1.)

The FAC alleges that an "unknown party" recorded a Substitution of Trustee ("Substitution"), that the Substitution was not signed by "all of the beneficiaries under the trust deed," and that no notice affidavit was attached to the Substitution. (FAC ¶¶ 35-38.) These allegations are refuted by Exhibit 4 to Defendants' Request for Judicial Notice, which includes a copy of the recorded Substitution, authorized by Wells Fargo, the beneficiary on the Deed of Trust, and a notice of mailing affidavit. (Doc. No. 23, RJN Ex. 4.) The FAC makes similar allegations about each step in the foreclosure, but does not provide any evidence to support his

claims. The FAC alleges that the Notice of Default and Notice of Trustee's Sale are defective. (FAC ¶¶ 42, 45-48.) Plaintiff alleges that the Notice of Default did not identify the present Trustee or Beneficiary. (FAC ¶ 39.) This allegation is refuted by Exhibit 2 to Defendants' Request for Judicial Notice, which clearly identifies Wells Fargo as the present Beneficiary. (Doc. No. 23, RJN Ex. 2.) Plaintiff also alleges that the Notice of Default was not signed by an authorized individual. (FAC ¶ 41.) Plaintiff also alleges that the Trustee's Deed Upon Sale is defective, because it was not signed by an authorized individual. (FAC ¶ 59-62.) Once again, Plaintiff does not support these allegations with facts, but instead states that this allegation is "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." (FAC at 1.) In sum, Plaintiff's FAC fails to provide sufficient factual support to satisfy the pleading requirements of Rule 8.

**III. Quiet Title**

Plaintiff's first cause of action is for quiet title. (FAC ¶¶ 72-79.) In an action to quiet title, two conditions must be met. First, the complaint must be verified and include (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Code Civ. Pro. § 761.020. Second, any outstanding debts must be paid before the action to quiet title is commenced. Aguilar v. Bocci, 114 Cal. Rptr. 91, 92 (App. Ct. 1992). Plaintiff argues that he does not owe a debt to Defendants, because the loan had been rescinded. (See FAC ¶ 42.) There is no evidence supporting Plaintiff's allegation. In fact, Plaintiff's claim is contradicted by the unlawful detainer state court proceeding which resulted in judgment for Wells Fargo because Plaintiff did not pay a debt he owed. (See Doc. No. 23, Attach. 7, Ex. 8.) Furthermore, Plaintiff's FAC does not allege tender or offer of tender of the amounts borrowed. Arnold Mgmt. Corp. v. Eischen, 205 Cal. Rptr. 15 (Ct. App. 1984); Karlsen v. Am. Sav. & Loan Ass'n, 92 Cal. Rptr. 851, 854 (Ct. App. 1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.").

**IV. TILA Violations**

Plaintiff's TILA claim seeks "enforcement of the rescission" of the loan. (FAC ¶ 95.) The remedy of rescission is available for three years under TILA, 15 U.S.C. § 1635(f), but only where a borrower is willing and able to tender the balance owed. See Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1173 (9th Cir.2003); LaGrone v. Johnson, 534 F.2d 1360, 1392 (9th Cir.1974). In its previous Order dismissing Plaintiff's rescission claim, the Court stated that if "Plaintiff continues to seek rescission under TILA, he must tender the owed amount or provide proof of his ability to tender." (Doc. No. 16 at 5.) Instead of addressing his ability to tender, Plaintiff argues that the Yamamoto decision is "not on point," and that it was overruled by the Federal Reserve Board. (FAC ¶ 87-3.) Plaintiff's FAC instructs the Court to "fashion an equitable solution that is within the parties' reach and which restores both parties to their original positions." (FAC ¶ 87-2.) The Court has provided Plaintiff with an opportunity to tender the owed amount, or to provide proof of his ability to tender. After careful reading of the FAC, the Court concludes that Plaintiff did not, and cannot cure the deficiency in his rescission claim. Accordingly, the Court dismisses the TILA rescission claim with prejudice.

**V. Wrongful Foreclosure**

To the extent Plaintiff's wrongful foreclosure relies on the alleged deficiencies in the documents at various steps of the foreclosure, these allegations are refuted by Exhibits to Defendants' Request for Judicial Notice discussed above. Plaintiff also alleges that the loan was not in default, and therefore there was no right to foreclose. (FAC ¶ 88.) This allegation is contradicted by the recorded Notice of Default, which documented a default amount of $16,339.21 as of October 18, 2007. (Doc. No. 23, RJN Ex. 2 at 1.) Plaintiff alleges that the loan was not in default because Plaintiff had cancelled the loan. (FAC ¶ 88.) However, the FAC itself contradicts this allegation, because Plaintiff also states he "kept paying on the loan" once a BNC representative informed Plaintiff that the loan would not be cancelled. (FAC ¶ 27.)

Additionally, under California law, the "tender rule" requires that as a precondition to challenging a foreclosure sale, the borrower must make a valid and viable tender of payment

1  of the secured debt. Karlsen, 92 Cal. Rptr. 85; Arnolds Management Corp., 205 Cal. Rptr. 15.
2  As discussed bove, Plaintiff failed to allege that he has attempted to tender the amount owed.
3  Thus, Plaintiff fails to adequately allege his cause of action for wrongful foreclosure.

**VI. Fraud Allegations**

Plaintiff makes a number of fraud allegations in the FAC.[1]  Plaintiff alleges that Defendants argue that "the current holder, or a previous holder, has discharged the promissory Note by materially and fraudulently altering it, an/or canceling and/or renouncing it. (FAC ¶ 25.)  Plaintiff also alleges that Ocwen made "continuous statements" that the foreclosure process had stopped when it was still moving forward.  (FAC ¶ 44.)

Under California law, the elements of fraud are "false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir.1996) (quotations omitted).  Under Federal Rule of Civil Procedure 9, a Plaintiff must plead fraud with particularity.  "Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" Id. at 1106 (quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir.1994)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).  Further, Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants. Id.  To the extent Plaintiff may have alleged fraud, his claim cannot succeed. Plaintiff fails to plead fraud with sufficient particularity.  He also fails to allege that he relied on the alleged fraudulent statements.

---

[1] Plaintiff does not allege a separate cause of action for fraud.

### **Conclusion**

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss. Because the Court concludes that an amendment cannot cure the deficiencies in the FAC, Plaintiff's causes of action for violations of TILA, quiet title and wrongful foreclosure are dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: November 6, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT