# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN PHILLIPS,<br><br>        Plaintiff,<br> vs.<br><br>WELLS FARGO BANK, N.A., as trustee for the registered holders of structured asset securities corporation mortgage pass-through certificates, series 2007-OSI; OCWEN LOAN SERVICING LLC,<br><br>        Defendants. | CASE NO. 09-CV-1486-H (BLM)<br><br>**ORDER GRANTING MOTION TO REINSTATE LIS PENDENS**<br><br>[Doc. No. 69.] |

On July 9, 2009, Plaintiff Brian Phillips, proceeding pro se, filed a complaint arising from foreclosure proceedings on his home. (Doc. No. 1.) On August 24, 2009, Plaintiff filed a request for approval of notice of pending action pursuant to Cal. Code of Civ. Pro. § 405.21, along with a notice of pending action signed by Plaintiff. (Doc. Nos. 17 & 18.) On September 17, 2009, Plaintiff filed a First Amended Verified Complaint, alleging causes of action for quiet title, violations of the Truth in Lending Act ("TILA"), and wrongful foreclosure. (Doc. No. 21.) On September 21, 2009, the Court approved the notice of pendency of action. (Doc. No. 22.)

On November 6, 2009, the Court dismissed the action with prejudice for failure to state a claim. (Doc. No. 32.) On January 26, 2010, the Court denied Plaintiff's motion for

1  reconsideration, and expunged the lis pendens filed by Plaintiff in this case. (Doc. No. 44.)
2  Plaintiff filed an appeal on February 1, 2010. (Doc. No. 45.) On appeal, the Ninth Circuit
3  Court of Appeals affirmed in part, reversed in part, and remanded. (Doc. No. 60.) The Ninth
4  Circuit affirmed the dismissal of Plaintiff's TILA claim as time-barred, but reversed the
5  dismissal of Plaintiff's state law claims, because Plaintiff alleged that he accepted and abided
6  by two loan modification agreements. (Id. at 3.)

7  On August 16, 2011, Plaintiff filed another notice of pending action in this case. (Doc.
8  No. 69.) The Court construed Plaintiff's notice as a motion to reinstate lis pendens, directed
9  Defendants to file a response in opposition to Plaintiff's motion, and allowed Plaintiff to file
10 a reply. (Doc. No. 70.) On August 25, 2011, Defendant filed its response in opposition to
11 Plaintiff's motion. (Doc. No. 72.) Plaintiff did not file a reply.

12 Federal courts look to state law regarding in matters pertaining to notice of pendency
13 of action concerning real property. See 28 U.S.C. § 1964. "A lis pendens is recorded by
14 someone asserting a real property claim, to give notice that a lawsuit has been filed which may,
15 if that person prevails, affect title to or possession of the real property described in the notice."
16 Fed. Deposit Ins. Corp. v. Charlton, 17 Cal. App. 4th 1066, 1069 (Ct. App. 1993) (citing Cal.
17 Civ. Proc. Code §§ 405.2, 405.4, 405.20). "Its effect is that anyone acquiring an interest in the
18 property after the action was filed will be bound by the judgment ... Once a lis pendens is filed,
19 it clouds the title and effectively prevents the property's transfer until the litigation is resolved
20 or the lis pendens is expunged." BGJ Assocs., LLC v. Super. Ct. of L.A., 75 Cal. App.4th 952,
21 966-67 (Ct. App. 1999). Under Cal. Code Civ. Proc. § 405.21§ 405.21, "a judge of the court
22 in which an action that includes a real property claim is pending may, upon request of a party
23 thereto, approve a notice of pendency of action." A party cannot record a notice of pendency
24 of action unless "(b) it is signed by a party acting in propria persona and approved by a judge
25 as provided in this section." Cal. Code Civ. Pro. §405.21.

26 Defendants' opposition argues that Plaintiff cannot establish the probable validity a real
27 property claim. (Doc. No. 72.) Here, the Ninth Circuit Court of Appeals concluded that
28 Plaintiff could allege state law claims arising out of the foreclosure proceedings on his home

1  to the extent Plaintiff alleged that he accepted and abided by two loan modification
2  agreements. (Doc. No. 60.) Accordingly, the Court GRANTS Plaintiff's motion to reinstate
3  the lis pendens in this case.

4  **IT IS SO ORDERED.**

5  DATED: September 28, 2011

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT