UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN PHILLIPS,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE REGISTERED HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OSI and OCWEN LOAN SERVICING LLC,<br><br>    Defendants. | Case No. 09cv1486-H (BLM)<br><br>**ORDER (1) GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS, (2) GRANTING IN PART DEFENDANTS' MOTION TO COMPEL RULE 26 DISCLOSURES AND DISCOVERY RESPONSES, (3) DENYING DEFENDANTS' REQUEST FOR SANCTIONS, (4) DENYING DEFENDANTS' REQUEST TO EXTEND DISCOVERY CUT OFF AND RELATED TRIAL AND PRE TRIAL DATES AND SETTING BRIEFING SCHEDULE**<br><br>[ECF Nos. 78 & 85] |

Currently before the Court is Defendants' November 1, 2011 Motion to Compel Plaintiff to Attend Deposition, to Provide Rule 26(a)(1)(A) Initial Disclosures and Awarding Defendants Attorneys' Fees, or in the Alternative, Shortening Time to Hear Motion for the Same (ECF No. 78-1, "Defs' Mot."), Plaintiff's Opposition to the motion (ECF No. 82, "Pl.'s Opp."), and Defendants' December 15, 2011 Motion to Compel Rule 26 Disclosures and Discovery Responses, Request for Sanctions and Request to Extend Discovery Cut Off and Related Trial and Pre Trial Dates (ECF No. 85-1, "Defs' 2nd Mot.").

For the reasons set forth below, the Court **GRANTS IN PART** Defendants' motion for sanctions (Defs' Mot.) and **GRANTS IN PART** Defendants' Motion to Compel and

**DENIES** Defendants' Requests for Sanctions and an Extension of Time (Defs' 2nd Mot.).

## I.     NOVEMBER 1, 2011 MOTION FOR MONETARY SANCTIONS

On November 1, 2011, Defendants filed an *ex parte* discovery motion seeking substantive discovery and monetary sanctions for Plaintiff's alleged discovery violations. Defs' Mot.  On November 3, 2011, the Court granted Defendants' motion to compel discovery, including ordering Plaintiff to appear for a deposition, but requested briefing on Defendants' request for monetary sanctions.  ECF No. 81.  Plaintiff filed a timely Opposition on November 18, 2011.  Pl.'s Opp.  Having reviewed the briefing submitted, and for the reasons set forth below, Defendants' motion for sanctions is **GRANTED IN PART**.

### A. BACKGROUND

Defendants argue that Plaintiff should be sanctioned for failing to attend his October 25, 2011 deposition.  Defs' Mot.  In support of their request, Defendants explain that they properly noticed Plaintiff's deposition for August 31, 2011.  Id. at 2.  Defendants then accommodated Plaintiff's repeated requests to continue the deposition.  ECF No. 78-2 at 12, Exh. A, Piccuta Decl.  The deposition finally commenced on October 11, 2011; however, Plaintiff failed to produce the documents that Defendants requested in their Notice to Produce, and limited the deposition to four hours due to an alleged medical condition.  Id. at 13, Exh. A, Piccuta Decl.  To remedy the failure, Plaintiff agreed to appear for a second session of the deposition and offered October 25, 2011 as an acceptable date.  Id. at 32, Exh. A, Phillips Email.  Defendants accepted that date and made all of the necessary arrangements.  Id. at 13, Exh. A, Piccuta Decl.

On October 24, 2011, Defendants sent Plaintiff an email because they had not received the documents that Plaintiff agreed to produce for the deposition.  Id.  Plaintiff responded by asking if the October 25, 2011 deposition could be rescheduled.  Id.  Defendants proposed three alternative dates and asked Plaintiff which he preferred.  Id.  Plaintiff did not respond.  Id. at 14.  Defendants emailed Plaintiff a second time on October 24, 2011 stating that they "needed a response as to the new deposition date by 4:00 PM, otherwise [they] would assume that [Plaintiff] would attend the deposition on the 25th as

scheduled." Id. at 14, Exh. A, Piccuta Decl. and 35, Piccuta Email. Defendants also called Plaintiff and left him two voicemail messages with the same message. Id. at 14, Exh. A, Piccuta Decl. Plaintiff did not respond to either the email or the voicemail messages. The following morning, which was the day of the deposition, Defendants again emailed and called Plaintiff to confirm attendance. Id. Plaintiff did not respond until 10:10 a.m., ten minutes after the deposition was noticed to begin. Id. at 14, Exh. A, Piccuta Decl. and 37, Phillips Email. Plaintiff stated in an email that he would not be attending the deposition. Id. However, eight minutes later, Plaintiff served on Defendants, by email, six sets of new discovery requests. Id.

Plaintiff does not challenge Defendants' evidence; he merely argues that sanctions are inappropriate. Defendants provided an October 24, 2011 email in which Plaintiff writes "I'm having problems getting everything together from the bank and some of the other doc's that you needed…as well as I was just scheduled for a biopsy tomorrow…can we push it off for another week? what days are you going to be down in Carlsbad next week?" Id. at 34, Exh. A, Phillips Email. Other than relying on that email, Plaintiff merely argues that he should not be sanctioned for failing to attend the October 25, 2011 deposition because: (1) he informed Defendants that he would not be attending the deposition prior to the deposition due to "illness and/or medical procedures"; (2) Defendants will not be irreparably prejudiced if the motion to compel is denied because they could simply file a motion to extend the discovery deadline; (3) Plaintiff offered to settle the matter and Defendants turned him down immediately without presenting a counter-offer; (4) it was not obvious to Plaintiff that discovery was necessary; and (5) Plaintiff never agreed to pay Defendants' legal expenses. Pl.'s Opp. at 2-3. Plaintiff further argues that the motion to compel was unwarranted because Plaintiff told Defendants that he would "continue to provide documents as he was able to locate them in his storage unit." Id. at 2.

## **B.  LEGAL STANDARD**

The Federal Rules of Civil Procedure state that a court may impose sanctions if "a party […] fails, after being served with proper notice, to appear for that person's

deposition[.]" Fed. R. Civ. P. 37(d)(1)(A)(i).  Under Rule 37, a failure by a party to appear at their deposition will result in sanctions unless the failure "was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).  Furthermore, in the Case Management Conference Order, the Court warned the parties that failure to comply with a "discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37[.]" ECF No. 64 at 6.  Possible Rule 37 sanctions range from payment of expenses and attorney's fees to dismissal of the action in whole.  Fed. R. Civ. P. 37.

### C. DISCUSSION

Defendants request $3,414.00 in sanctions representing attorney's fees, expenses and costs incurred due to Plaintiff's failure to appear for the October 25, 2011 deposition.  Defs' Mot. at 6.  Defendants arrived at this number by adding together the costs incurred traveling to the deposition ($49.50), the cost of the court reporter ($214.50), and fourteen hours of attorney's fees at $225.00 per hour ($3,150.00).  Id. at 5 and ECF No. 78-2 at 39, Exh. A, Invoice.  Defendants request that this amount be payable within ten calendar days from the date of the entry of the order and that Plaintiff be required to file proof of the payment with the Court.  Id. at 6.

Plaintiff's failure to appear at the October 25, 2011 deposition was not substantially justified.  Plaintiff's allegation that he informed Defendants that he would not be attending the deposition prior to the start of the deposition is false.  While it is true that Plaintiff indicated that he needed additional time to gather the requested documents, he did so the day before the deposition and he never stated that he would not attend the deposition the next day.  ECF No 78-2 at 34, Exh. A, Phillips Email.  Rather, the email merely advised counsel that Plaintiff was having trouble finding all of the relevant documents and had recently scheduled a biopsy and inquired about continuing the deposition.  Id.  This language is not the same as telling Defendants that he would not attend the deposition

scheduled for the next day.[1]  Moreover, Defendants provided Plaintiff with numerous opportunities to reschedule the deposition but Plaintiff ignored all of them. Id. at 14, Exh. A, Piccuta Decl.  As a result, Defendants were justified in relying on their statement that "if you do not advise, we will assume we are continuing as scheduled and we will conduct the deposition tomorrow." Id. at 35, Exh. A, Piccuta Email.  An email sent at the time of the scheduled deposition does not constitute timely notice and the late notice caused Defendants to incur the associated costs of the deposition because all participants, other than Plaintiff, were present.[2]

      This Court finds that Plaintiff knowingly, voluntarily and intentionally failed to appear at his properly-noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(i).  The Court also finds that Plaintiff's failure to appear was not "substantially justified" and that there are no "other circumstances" that would "make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).  Thus, sanctions against Plaintiff are appropriate and required.  Defendants request $214.50 for court reporter fees incurred when Plaintiff failed to show up for his October 25, 2011 deposition and $49.50 in costs incurred by counsel traveling to the deposition. Defs' Mot. at 5 & ECF No. 78-2 at 15, Exh. A, Piccuta Decl.  The Court finds that these expenses are reasonable ones incurred as a direct result of Plaintiff's failure to appear for his deposition.

      Defendants also request fourteen hours of attorney's fees at $225.00 per hour ($3,150.00). ECF No. 78-2 at 14, Exh. A, Piccuta Decl.  The fourteen hours includes four hours preparing for and driving to and from the deposition, four hours preparing the motion to compel, and an anticipated six hours for reviewing Plaintiff's Opposition, drafting a reply, attending and arguing the motion to compel. Id.  Defendants' requested fees are too high. While the Court acknowledges that Defendants had to prepare a written motion to compel,

---

[1] There was no indication as to what time Plaintiff's biopsy was scheduled for and there was no reason for Defendants to assume that the appointment would preclude Plaintiff from attending his previously scheduled deposition.  As stated previously, Plaintiff suggested the date of October 25, 2011 for the deposition. ECF No. 78-2, Exh. A at 32, Phillips Email.

[2] The other arguments asserted by Plaintiff (See Pl.'s Opp. at 2-3) do not warrant discussion because they have no relevance to Defendants' sanction motion.

1  Defendants did not file a reply and the hearing was conducted during a previously scheduled
2  Mandatory Settlement Conference. ECF No. 81. Accordingly, the Court declines to award
3  attorneys' fees for this work. Klund v. High Tech. Solutions, Inc., 2006 WL 549385, *8
4  (S.D.Cal., Feb. 27, 2006) (stating that the court has broad discretion to award reasonable
5  expenses and attorney's fees caused by the failure to obey a court order to provide or permit
6  discovery and citing Fed.R.Civ.P. 37(b)(2) and CvLR 83.1(a)). The Court accepts counsel's
7  statement that he spent one hour driving from his office to the deposition and one hour
8  returning. ECF No. 78-2 at 15, Exh. A, Piccuta Decl. Counsel does not state how long he
9  was at the deposition site waiting for Plaintiff and creating an appropriate record so the
10 Court finds 30 minutes to be reasonable. The Court therefore orders Plaintiff to pay
11 Defendants **$826.50** representing 2.5 hours of Mr. Piccuta's time at the reasonable hourly
12 rate of $225, Mr. Piccuta's travel costs, and the associated deposition costs. The Court
13 declines to include time spent preparing for the deposition because that work can be used
14 for the Court ordered deposition. Klund, 2006 WL 549385 at *8.

15      Plaintiff must pay this sanction by **January 27, 2012** and must file with the Court
16 a Notice of Payment of Sanctions by **January 31, 2012**. Failure to pay said sum may result
17 in the imposition of additional sanctions.

18 **II.    DECEMBER 5, 2011 MOTION TO COMPEL, REQUEST FOR SANCTIONS AND REQUEST TO EXTEND DISCOVERY CUT OFF**
19
       On December 5, 2011, Defendants filed a Motion to Compel Rule 26 Disclosures and
20
   Discovery Responses, Request for Sanctions and Request to Extend Discovery Cut Off and
21
   Related Trial and Pre Trial Dates on the grounds that Plaintiff had violated the Court's
22
   November 3, 2011 Order compelling discovery. Defs' 2nd Mot. The Court ordered Plaintiff
23
   to file any Opposition to Defendants' motion to compel by December 12, 2011 and
24
   Defendants to file a reply by December 16, 2011. ECF No. 84. On December 16, 2011,
25
   Plaintiff filed an untimely and illegible Opposition to Defendants' motion to compel. ECF No.
26
   87. On December 20, 2011, this Court ordered Plaintiff's Opposition to be stricken from the
27
   docket, Plaintiff to re-file a clear and legible copy of his Opposition by December 23, 2011,
28

and Defendants to reply on or before December 30, 2011.  ECF No. 88.  Id.  Plaintiff did not comply with this Court's Order and failed to re-file his Opposition.  Having reviewed the briefing submitted, and for the reasons set forth below, Defendants' Motion to Compel is **GRANTED IN PART** and Defendants' Requests for Sanctions and to Extend Discovery Cut Off are **DENIED.**

### A.  BACKGROUND

Defendants allege that Plaintiff has failed to comply with the Court's November 3, 2011 Order.  Defs' 2nd Mot.  On November 3, 2011, this Court ordered Plaintiff to:

> (1) produce the call recordings set forth in Plaintiff's supplemental discovery response, the full name and address of Plaintiff's former neighbor "Dave", and his bank statements for 2008 showing the balances for all months including his account balance on June 1, 2008, June 30, 2008 and July 1, 2008 on or before November 4, 2011;
>
> (2) provide initial disclosures in accordance with Rule 26(a)(1)(A-E) of the Federal Rules of Civil Procedure on or before November 9, 2011;
>
> (3) produce all documents evidencing any payments made to Ocwen or any party under the loan or loan modifications.  This would include any payments made to BNC or any party in 2007.  This would also include any payments made pursuant to the loan modification including, but not limited, to payments in the amount of $2,079.18, $2,310.20, and $2,310.20 made during February through July 2008, any and all information regarding Plaintiff's allegations regarding any claims, any and all information regarding Plaintiff's allegations regarding the foreclosure sale process, and any other items discussed during Plaintiff's deposition, that he agreed to produce, but are not included in the above categories on or before November 16, 2011; and
>
> (4) appear for his deposition on November 29, 2011 at 10:00 a.m. at 701 Palomar Airport Road, Suite 200, Carlsbad, California 92011.

ECF No. 81.

Defendants claim that Plaintiff has: (1)  failed to provide 2008 bank statements in accordance with the Court's order; (2)  failed to provide any of the documents listed in paragraph 3 of the Court's order; and (3) created the need for a third deposition due to his failure to provide the required documents at the November 29, 2011 deposition.  Defs' 2nd Mot.  Defendants move for another order compelling Plaintiff to produce the requested documents and for appropriate sanctions for Plaintiff's failure to comply with the Court's November 3, 2011 order to produce the documents.  Id. at 2.  In addition, Defendants ask

that the current discovery dates be extended for approximately 75 days. Id. Plaintiff did not respond.

## B. COMPLIANCE WITH COURT-ORDERED DISCOVERY

Defendants argue that Plaintiff failed to comply with one part of paragraph one and paragraph three of this Court's order. In paragraph one, the Court required Plaintiff to produce his "bank statements for 2008 showing the balances for all months including his account balance on June 1, 2008, June 30, 2008 and July 1, 2008." ECF No. 81. In response, Plaintiff provided bank statements dated January 30, 2008 - February 27, 2008, March 28, 2008 - April 28, 2008, July 30, 2008 - August 27, 2008, and November 27, 2008 - December 29, 2008. ECF No. 85-3, Exh, A at 1-20. However, Plaintiff redacted almost all of the information set forth in each statement, with the exception of the account summary and balance listed on the first page. Id. Plaintiff also provided Defendants with the first page of the bank statements from June and July 2008.[3] Defs' 2nd Mot. at 2. In producing all of these statements, Plaintiff said that he was providing his Rule 26 disclosures. ECF No. 85-3, Exh. C at 1, Phillips Email.

Defendants argue that Plaintiff is "making a mockery out of this action," "intentionally frustrating discovery," and "vindictively causing Defendants to incur thousands of dollars in litigation expenses." Defs' 2nd Mot. at 4. While the Court is sympathetic to the difficulties Defendant is experiencing in obtaining discovery, the Court does not find that Plaintiff's response is so lacking as to merit the sanctions requested by Defendant. From the evidence submitted to the Court, it appears that Plaintiff provided Defendant with all of his monthly 2008 statements, except for May[4], September, and October. And, while the documents are heavily redacted, they comply with this Court's order because they show Plaintiff's account

---

[3] Defendants have failed to attach these two pages to their motion. As such, the Court cannot determine if the pages show the account balances on June 1, 2008, June 30, 2008, and July 1, 2008 in accordance with the Court's November 3, 2011 order. Defendants do not provide any insight into the content of these two pages or allege that they were heavily redacted like the other statements. ECF No. 85-1.

[4] Unless the statement for May 2008 was combined with the statement from June 2008 that Plaintiff submitted to Defendants, but that Defendants did not include as a part of their motion.

1  balance at the end of each month.[5]  In drafting its previous order, the Court used
2  Defendants' own language to describe the category of documents to be produced.[6]  If
3  Defendants were seeking a detailed record of the transactions that took place each month
4  with the account, including "information regarding the checks that were presented and paid"
5  [Defs' 2nd Mot. at 3], they should have drafted their request more carefully.  As such, Plaintiff
6  has substantially complied with paragraph one of Defendants' request as written and
7  ordered.  However, the Court finds that Defendants' additional requests[7] are relevant to the
8  claims and defenses at issue in this case.

9  In paragraph three, the Court required Plaintiff to provide Defendants with "all
10 documents evidencing any payments made to Ocwen or any party under the loan or loan
11 modifications," including specific payments.  ECF No. 81.  Defendants state that Plaintiff did
12 not provide them with any responsive documents.  Defs' 2nd Mot. at 3 and Exh. A at 2.
13 Plaintiff did not provide any contradictory information, nor did he state whether such
14 documents exist.  While Plaintiff has not complied with paragraph three of Defendants'
15 request and the Court's order, the Court has no information before it to determine why
16 Plaintiff failed to produce the documents:  bad faith, negligence, because no such
17 documents exist, or some other reason.

18 Plaintiff repeatedly has told Defendants and the Court that he believes he has relevant
19 documents in his garage or storage unit but that he has not been able to find them and will
20 produce them when he does find them.  Although this response is legally insufficient,
21 Defendants and the Court have given Plaintiff numerous time extensions to permit him to

---

[5] This is of course assuming that the June and July statements that Plaintiff produced to Defendants show the account balances on June 1, 2008, June 30, 2008, and July 1, 2008 as ordered.

[6] The description of the requested and agreed-upon categories of documents came from an email from defense counsel to Plaintiff dated October 11, 2011.  ECF No. 81 at 2 and 78-2 at 30, Exh. A.

[7] During the meet and confer process, Defendants requested the Plaintiff provide "complete statements for June and July as well as the remaining account statements for 2008." Defs' 2nd Mot. at 3.  Defendants also asked Plaintiff to provide unredacted bank statements because the redaction makes "it impossible to determine the balance of the account throughout the month, information regarding the checks that were presented and paid, and information regarding withdrawals and deposits." Id.  Plaintiff refused both requests.

search for and locate the responsive documents.  For example, prior to issuing its order, the Court told Plaintiff that he had to search his garage and storage unit for the responsive documents and asked Plaintiff how long he needed to do so.  Plaintiff said that he could do so by November 16, 2011 so that is the date that he Court used for production.  ECF No. 81.  Plaintiff has had many months (and even years since this case was filed in 2009) to search for and locate responsive and relevant documents; he cannot continue to delay his search efforts.  Accordingly, Plaintiff is warned that any documents not produced to Defendants by **January 13, 2011** may be subject to suppression such that he could not use them for trial or any other motion or hearing.

For the reasons set forth above, the Court orders Plaintiff to immediately search his garage and storage unit (and any other location that may contain the following documents) and then provide the following documents to Defendants by **January 13, 2012**:

    (1) complete, **unredacted**, and **legible** bank statements for every month of 2008 and

    (2) all documents evidencing any payments made to Ocwen or any party under the loan or loan modifications.  This would include any payments made to BNC or any party in 2007 and any payments made pursuant to the loan modification including, but not limited, to payments in the amount of $2,079.18, $2,310.20, and $2,310.20 made during February through July 2008.

Plaintiff also is reminded that if he has any of the following documents, he must produce them to Defendants by **January 13, 2012**:

    (1) any and all information regarding Plaintiff's allegations regarding any claims;

    (2) any and all information regarding Plaintiff's allegations regarding the foreclosure sale process; and

    (3) any other items discussed during Plaintiff's deposition, that he agreed to produce, but are not included in the above categories.

Failure to comply with this order could result in additional sanctions, including but not limited to the suppression or limitation of evidence, the striking of pleadings or claims, or the

termination of this litigation.  Fed. R. Civ. P. 37.

If Defendants want to depose Plaintiff again, Defendants must do so by **January 20, 2012.**  Plaintiff must cooperate with Defendants in finding a date on or before January 20, 2012.  If the parties are unable to agree upon a date, they must jointly telephone the Court and the Court will choose an appropriate date for the deposition.

### C. SANCTIONS

Defendants request both monetary and terminating sanctions.  Defs' 2nd Mot.  Rule 37 of the Federal Rules of Civil Procedure empowers this Court to issue sanctions against a party for failing to make disclosures or cooperate in discovery.  These sanctions include but are not limited to: (1) establishing designated facts for the purposes of the action; (2) refusing to allow the disobedient party to support or oppose designated claims or from introducing designated matters in evidence; (3) striking pleadings or parts of pleadings until the order is obeyed; (4) staying further proceedings until the order is obeyed; (5) dismissing the action or proceeding in whole or in part or rendering a judgment of default against the disobedient party; and (6) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.  See Fed.R.Civ.P. 37(b)(2)(A),(i-vii).  Moreover, Local Rule 83.1 provides that:

> [f]ailure of counsel or of any party to comply with these rules . . . or with any order of the court may be ground for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.

CvLR 83.1(a).

In addition to this rule based authority, all "federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders. . . . As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines."  Aloe Vera of Am., Inc. v. United States, 376 F.3d 960, 964-65 (9th Cir. 2004) (citing F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir. 2001)).  Sanctions are appropriate

in response to "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  In addition to willfulness, when a court order is violated, a district court that decides to impose sanctions must also consider the risk of prejudice to the complying party and the availability of less drastic sanctions. See Commodity Futures Trading Comm'n v. Noble Metals, 67 F.3d 766, 771 (9th Cir. 1995), cert. denied, 519 U.S. 815 (1996) (referencing Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990), cert. denied, 498 U.S. 1109 (1991)).

Dispositive sanctions such as dismissal of the complaint are "authorized only in extreme circumstances and only where the violation is due to willfulness, bad faith, or fault of the party." In re The Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996) (quoting United States v. Kahaluu Const., 857 F.2d 600, 603 (9th Cir. 1988)).  "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) (quoting Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994)).

As set forth above, the Court finds that Plaintiff did not fully comply with this Court's order.  However, Plaintiff substantially complied and the Court finds that Plaintiff's conduct does not warrant the imposition of additional monetary sanctions, or a recommendation for terminating sanctions.  Accordingly, the Court **DENIES** Defendants' Motion for Sanctions.

### D. EXTENDING DISCOVERY AND TRIAL DATES

Defendants also seek to have the currently scheduled discovery cut off date of December 2, 2011 and related trial dates extended by seventy-five-days.  In support, Defendants states that the extension is necessary "so that Defendants may complete discovery and file their motion for summary judgment." Defs' 2nd Mot. at 2.

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 64 at 7 (stating that dates "will not be modified except for good cause shown").  The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party.

1  Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co.,
2  232 F.3d 1271, 1294 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified
3  for "good cause" based primarily on diligence of moving party).  Although "the focus of the
4  inquiry is upon the moving party's reasons for seeking modification," a court also may
5  consider the "existence or degree of prejudice to the party Opposing the modification . . .
6  ."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  However, "[i]f
7  [the moving] party was not diligent, the inquiry should end."  Id.

8       The Court does not find good cause justifying an extension of all relevant dates by
9  seventy-five days and therefore **DENIES** Defendants' request.  However, as set forth above,
10 the Court extends the discovery deadline for the limited purpose of permitting Plaintiff to
11 produce relevant documents by **January 13, 2012** and Defendants to depose Plaintiff by
12 **January 20, 2012.**  No other discovery may be conducted.

13      In addition, if Defendants want to file a motion for summary judgment, the motion
14 must be filed by **February 3, 2012**.  If Defendants file a motion for summary judgment,
15 Plaintiff's opposition must be filed by **February 21, 2012** and Defendants reply, if any,
16 must be filed by **February 28, 2012**.

17      All other dates and deadlines shall remain as currently set.  ECF No. 64.
18      **IT IS SO ORDERED.**
19
20 DATED:  January 6, 2012

22                          BARBARA L. MAJOR
                           United States Magistrate Judge